RECEIVED

JUL 1 6 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Latoshia Shelton,<br><br>　　　　　Plaintiff,<br>v.<br><br>Franklin Collection Services, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**6:10cv1149    LAF**<br><br>COMPLAINT |

For this Complaint, the Plaintiff, Latoshia Shelton, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Latoshia Shelton ("Plaintiff"), is an adult individual residing in Lafayette, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5.   The Defendant, Franklin Collection Services, Inc. ("Franklin"), is a Mississippi business entity with an address of 2978 West Jackson Street, Tupelo, Mississippi 38801, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.   Does 1-10 (the "Collectors") are individual collectors employed by Franklin and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.   Franklin at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.   The Debt

8.   The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.   The Debt was purchased, assigned or transferred to Franklin for collection, or Franklin was employed by the Creditor to collect the Debt.

11.   The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Franklin Engages in Harassment and Abusive Tactics**

12. The Defendants contacted the Plaintiff at her place of employment. The Plaintiff requested that the Defendants stop contacting her at work as her employer did not allow such telephone communications.

13. The Defendants threatened to garnish the Plaintiff's wages.

14. The Defendants threatened to file a lawsuit against the Plaintiff. To date, no such litigation has been filed.

15. The Defendants use rude and abusive language during telephone conversations with the Plaintiff.

16. The Defendants aggressively demanded that the Plaintiff pay more than the amount she could afford to pay. The Defendants' hostile tone caused the Plaintiff to become very upset and caused her to cry while speaking to the Defendants.

17. The Defendants also pressured the Plaintiff for personal information such as how much she earned as well as for her social security number.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE LOUISIANA FAIR DEBT COLLECTION PRACTICES ACT
## LA. REV. STAT. ANN. RS 9 § 3562, et al.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "consumer" as defined by La. Rev. Stat. Ann. § 3516(10).

31. The Defendants are a "debt collector" as defined by La. Rev. Stat. Ann. § 3534.1(A).

32. The Plaintiff is entitled to damages pursuant to La. Rev. Stat. Ann. §3572.12.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

36. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

37. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

38. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

40. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;
5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 21, 2010

Respectfully submitted,

By: _____
Mary Marshall Smythe, Esq. (Bar. No.: ~~27092~~ 27092)
77 West 85th Street, Apt. 6E
New York, NY 10024
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666



Sergei Lemberg, Esq. (Admitted in NY, MA, CT)
Susan Schneiderman, Esq. (Admitted in NY, CT)
Stephen Taylor, Esq. (Admitted in NY, CT)
Jody Burton, Esq. (Admitted in CT, PA, DC)
Forrest E. Mays, Esq. (Admitted in MD)
Lara Shapiro, Esq. (Admitted in CA)
Diana Larson, Esq. (Admitted in TX)
Jennifer Kurtz, Esq. (Admitted in NJ)
Volodymyr Hirnyk, Esq. (Admitted in CT)

July 12, 2010

United States Courthouse
Suite 2100
800 Lafayette Street
Lafayette, Louisiana 70501

Dear Clerk:

  Enclosed please find:

1. The original and copy of the complaint in the <u>Shelton v. Franklin Collection Services, Inc.</u>, matter for filing;
2. Two Summonses;
3. Original Civil Cover Sheet and two copies;
4. Self-addressed stamped envelope; and
5. Check for cover filing fee in the amount of $350, payable to U.S. District Court.

  Please initiate the action and return a copy of the complaint and the original summons to me in the enclosed envelope. Please call me if you have any questions.

        Sincerely,

        Anna Krant
        Legal Assistant